## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO.** |
| | * | |
| **AARON ALEXANDER,** | * | **Wire Fraud, 18 U.S.C. § 1343** |
| **Defendant.** | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | ****** | |

## INDICTMENT

**THE GRAND JURY CHARGES THAT:**

GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.      **AARON ALEXANDER** was a Program Manager in the Office of Currency Production of the U.S. Bureau of Engraving and Printing (BEP).

2.      The Federal Managers Association (FMA) was a national advocacy organization for federal employees in management positions.  FMA advocated for members' interests in the Executive Branch of the United States Government and the United States Congress and provided professional development programs, informative publications, and networking opportunities to its members.

3.      PERSON 1 was the Office Manager of FMA.

4.      PERSON 2 was the Executive Director of FMA.

5.      FMA Chapter 216 ("Chapter 216") was the local FMA chapter for BEP employees working at the BEP office in Washington, D.C.

6.     Chapter 216's members' dues were automatically debited from their paychecks and deposited into Chapter 216's bank account.

7.     Chapter 216 was obligated to pay quarterly dues to FMA on January 1, April 1, July 1, and October 1 of each year.

8.     **ALEXANDER** was a member and the treasurer of Chapter 216.  In this capacity, **ALEXANDER** had signatory authority over Chapter 216's bank account and was responsible for paying its quarterly dues to FMA.

## COUNTS ONE AND TWO
(Wire Fraud, 18 U.S.C. § 1343)

9.   The allegations contained in Paragraphs 1 through 8 of this Indictment are realleged as though fully set forth herein.

10.     From in or about March 2015 through in or about June 2016, in the District of Columbia and elsewhere, the defendant,

## AARON ALEXANDER

knowingly devised, and intended to devise, a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

### Purpose of the Scheme to Defraud

11.     The purpose of the scheme to defraud was to enrich the defendant, **AARON ALEXANDER**, by appropriating Chapter 216 funds for **ALEXANDER's** personal use and benefit, and to conceal **ALEXANDER's** theft from Chapter 216 members.

Manner and Means of the Scheme to Defraud

12.      From in or about March 2015 to in or about June 2016, **ALEXANDER** obtained approximately $16,758 from Chapter 216's bank account by issuing checks to himself and making cash withdrawals.

13.      **ALEXANDER** did not pay Chapter 216's quarterly dues and fees to FMA for the period covering in or about April 2015 through in or about September 2016.  As a result of **ALEXANDER's** theft, by in or about June 2015, Chapter 216 did not have sufficient funds to pay all of the dues and fees owed to FMA.

14.      Through email correspondence from in or about June 2015 to in or about May 2016, **ALEXANDER** concealed his ongoing theft by falsely representing to FMA that he would send payment of Chapter 216's outstanding quarterly dues soon or had already sent payment.

15.      **ALEXANDER** sometimes issued a check to himself or made a cash withdrawal on the same day or within a few days after he told PERSON 1 or PERSON 2 that he would send the money owed to FMA soon or had sent the money.

Acts in Furtherance of the Scheme to Defraud

The acts **ALEXANDER** caused in furtherance of the scheme included, but were not limited to, the following:

16.      From in or about March 2015 to in or about June 2015, **ALEXANDER** issued seven checks to himself from Chapter 216's bank account, totaling approximately $5,741. **ALEXANDER** cashed two of the checks and deposited five of them into his personal bank account.

3

17.     From in or about May 2015 to in or about June 2016, **ALEXANDER** made approximately 49 cash withdrawals from Chapter 216's bank account, totaling approximately $11,017.

18.     From in or about June 2015 to in or about April 2016, PERSON 1 emailed **ALEXANDER** several times to obtain payment of the membership dues that Chapter 216 owed to FMA.  On several occasions, **ALEXANDER** responded by falsely claiming that he would send or had sent the money owed for the dues.

19.     On or about November 18, 2015, **ALEXANDER** sent an email to PERSON 1 falsely claiming, "Our check came in yesterday, I mailed the payment this morning.  I apologize for the delay."  FMA never received a check.

20.     On the same day, November 18, 2015, **ALEXANDER** withdrew approximately $200 in cash from Chapter 216's bank account.  On November 19, 2015, **ALEXANDER** withdrew approximately $320 in cash from Chapter 216's bank account.

21.     On or about April 28, 2016, PERSON 2 sent **ALEXANDER** an email notifying him that FMA would send Chapter 216 members a letter informing them of the organization's delinquency.  **ALEXANDER** responded on or about May 1, 2016, asking, "If possible could you wait until the 12th?" and stating, "I'll have a check in your hand for the full amount of our balance before the 12th."  FMA never received a check.

22.     Between on or about May 1, 2016, and on or about May 12, 2016, **ALEXANDER** withdrew $750 in cash from Chapter 216's bank account.

## Execution of the Scheme to Defraud

23.     On or about the dates set forth below, in the District of Columbia and elsewhere,

**ALEXANDER**, for the purpose of executing the scheme and artifice to defraud described above,

and attempting to do so, transmitted and caused to be transmitted by means of wire communication

in interstate commerce the following wire communications in the form of writings, signs, signals,

pictures, each transmission constituting a separate count:

| Count | Approximate Date | Wire Communication |
|-------|-----------------|--------------------|
| **1** | November 18, 2015 | **ALEXANDER** sent PERSON 1 an email in which he claimed, "Our check came in yesterday, I mailed the payment this morning.  I apologize for the delay." |
| **2** | May 1, 2016 | **ALEXANDER** sent PERSON 2 an email in which he claimed, "I'll have a check in your hand for the full amount of our balance before the 12th." |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION
### 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461

24.     The allegations contained in Paragraphs 1 through 23 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, 2461(c).

25.     Upon conviction of the offenses in violation of Title 18, United States Code, Section 1343 set forth in Counts 1 and 2 of this Indictment, the defendant,

### AARON ALEXANDER

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.  The property to be forfeited includes, but is not limited to, a money judgment in a sum equal to the gross proceeds in aggregate obtained by the defendant as a result of the aforesaid violations.

26.     If any of the property described above, as a result of any act or omission of the defendant:

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third party;

    c.     has been placed beyond the jurisdiction of the court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be divided without difficulty,

6

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section

2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

A TRUE BILL:

_____        Date:
FOREPERSON

ANNALOU TIROL
Acting Chief
Public Integrity Section

_____
AMANDA VAUGHN
RYAN ELLERSICK
Trial Attorneys
Public Integrity Section
U.S. Department of Justice

7